## THE QUEEN.

(District Court, N. D. California. January 10, 1910.)

### No. 13,478.

PILOTS (§ 3*)—STATE PILOTAGE LAWS—EXEMPTION BY FEDERAL STATUTE—"COASTWISE STEAM VESSEL."

A duly registered American steamer engaged in making voyages between United States ports on Puget Sound and San Francisco, although in making such voyages she touched at the foreign way port of Victoria, taking on freight and passengers for San Francisco, was a "coastwise steam vessel," within the meaning of Rev. St. § 4444 (U. S. Comp. St. 1901, p. 3037), which exempts such vessels from the operation of state pilotage laws, and a state pilot whose services were refused on her entry into the port of San Francisco, her master and mate being licensed pilots under the laws of the United States, cannot subject her to pilotage fees under Pol. Code Cal. §§ 2466, 2468.

[Ed. Note.—For other cases, see Pilots, Cent. Dig. § 2; Dec. Dig. § 3.* For other definitions, see Words and Phrases, vol. 2, p. 1239.]

In Admiralty. Suit by M. Anderson against the steamship Queen. Decree for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

G. R. Lukens, for libelant.
Geo. W. Towle, for respondent.

DE HAVEN, District Judge. This is an action, in rem, to recover the sum of $108.60, alleged to be due the libelant as a pilotage charge, under the laws of the state of California. The action was submitted to the court upon an agreed statement of facts, from which it appears that the libelant was, at all the times referred to in the libel, a duly licensed pilot of the port of San Francisco, holding a license to so act, issued to him by the United States local inspectors of steamships, and also a license as such pilot issued to him by the state board of pilot commissioners for the port of San Francisco; that libelant tendered to the master of the steamer Queen, as she was entering the port of San Francisco, on August 14, 1905, his services as a pilot, and the same were refused; that the steamer Queen was a duly registered American vessel at the time; that she was then completing a voyage from an American port on Puget Sound to the port of San Francisco, via Victoria, B. C., and for some time prior thereto had been engaged in making voyages between the port of San Francisco and American ports on Puget Sound; and that "on each and every such voyage the port of Victoria, B. C., was a regular port of call, being the first port of call or stop on each voyage outward from San Francisco, Cal., and the last port of call or stop on each voyage towards San Francisco, Cal."

It further appears that the stop at Victoria was only for a short period, and the earnings of the vessel for passengers, mail, and freight, carried to and from that port, were small as compared with the earnings of the steamer in its purely domestic, coastwise trade; that the master and the first officer of said steamer were duly licensed under the laws of the United States to act as and serve as master and as pilot of any American steam vessel, when entering or departing from the port of San Francisco.

There are other facts set out in the agreed statement; but, in the view I take of the case, they need not be referred to at this time.

The particular statute under which libelant claims his right to maintain this action is found in sections 2466 and 2468 of the Political Code of the State of California. The first of these sections provides the rates of pilotage for vessel spoken when bound into or departing from the harbor of San Francisco, and section 2468 is as follows:

"All vessels sailing under an enrollment, and licensed and engaged in the coasting trade between the port of San Francisco and any other port of the United States shall be exempt from all pilotage unless a pilot be actually employed. All foreign vessels and all vessels from a foreign port or bound thereto, and all vessels sailing under a register between the port of San Francisco, and any other port of the United States shall be liable for pilotage as provided in section twenty-four hundred and sixty-six of this Code."

That the state has authority to regulate pilot charges at ports within its territorial limits in so far as such regulations do not conflict with the legislation of Congress relating to the same subject is author-

itatively settled. Cooley v. Board of Wardens, etc., 12 How. 299, 13 L. Ed. 996.

The right of the pilot to the compensation provided for in the sections of the statute above referred to does not depend upon the acceptance of his services by the vessel when such services are tendered. This being so, it follows from the facts agreed upon that the libelant is entitled to recover, unless the statute, under which he claims, is inconsistent with some act of Congress.

Now section 4444 of the Revised Statutes (U. S. Comp. St. 1901, p. 3037) provides:

"No state or municipal government shall impose upon pilots of steam vessels any obligation to procure a state or other license in addition to that issued by the United States, or any other regulation which will impede such pilots in the performance of the duties required by this title; nor shall any pilot charges be levied by any such authority upon any steamer piloted as provided by this title. * * * Nothing in this title shall be construed to annul or affect any regulation established by the laws of any state, requiring vessels entering or leaving a port in any such state, other than coastwise steam vessels, to take a pilot duly licensed or authorized by the laws of such state, or of a state situate upon the waters of such state."

The effect of this section is to exempt coastwise steam vessels from the operation of state pilotage laws. Olsen v. Smith, 195 U. S. 332, 25 Sup. Ct. 52, 49 L. Ed. 224; Sprague v. Thompson, 118 U. S. 95, 6 Sup. Ct. 988, 30 L. Ed. 115; The Carrie L. Tyler, 106 Fed. 422, 45 C. C. A. 374, 54 L. R. A. 236.

If then the Queen was a coastwise steamer, within the meaning of section 4444 of the Revised Statutes, she is exempt from the payment of the pilotage charges, provided for in the statute of the state of California, and sued for in this action; and I am of the opinion that under the agreed statement of facts she is to be so regarded. She was engaged in making a coastwise voyage, between ports of the United States, when libelant tendered to her his services as a state pilot, and the fact that in making such voyage she touched at the foreign way port of Victoria, and took thereon freight and passengers for San Francisco, did not deprive her of her character as a coastwise steamer and subject her to pilotage charges under the law of the state of California. The libel is dismissed.

On appeal to the Circuit Court of Appeals; certain questions certified to the Supreme Court.